**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

================================================================

**CASE NO.:** <u>CV 09-07584 SJO (PLAx)</u>     **DATE:** <u>November 9, 2009</u>

**TITLE:**     <u>Frank Colapinto et al., v. Esquire Deposition Services LLC, et al.</u>

================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                    Not Present

================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO STATE COURT**

    This matter is before the Court on Defendant Esquire Deposition Service LLC's ("Defendant") Notice of Removal, filed on October 19, 2009. (*See* Notice of Removal.) For the following reasons, this action is **REMANDED**.

    Under this Court's Standing Order, corporate parties invoking subject matter jurisdiction based on diversity "must state in their Complaint or Notice of Removal sufficient facts demonstrating that this Court may properly exercise subject matter jurisdiction." *(See* Standing Order ¶ 13 (*citing Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y 1983) ("[D]iversity must be alleged with detail and certainty.")).) Consequently, conclusory allegations of a corporation's principal place of business are insufficient and failure to comply with the Standing Order may result in dismissal or remand. *(See* Standing Order ¶ 13.)

    Defendant has provided insufficient facts to establish that its principal place of business is Georgia. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Defendant states in its Notice of Removal, that it is "a Delaware limited liability company, registered to do business in California, with a principal place of business in Georgia." (Notice of Removal ¶ 6.) Additionally, Defendant relies on the Declaration of Lisa M. Censullo.[1] (*See* Decl. of Lisa M. Censullo in Supp. of Notice of Removal ("Censullo Decl.")) Censullo states that "[Defendant] is a Delaware limited liability company, registered to do business in California,

---

[1] The Court notes that Ms. Censullo's declaration is not supported by Defendant's Notice of Removal. Defendant's Notice of Removal provides that Defendant provided 19,000 instances of court reporting services in California over a one-year period. As a result, it appears Defendant conducts a substantial amount of business in California. (*See* Notice of Removal.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 09-07584 SJO (PLAx)          DATE:  November 9, 2009

with its principal place of business in Georgia."  (Censullo Decl. ¶ 5.)  Because these conclusory allegations of Defendant's principal place of business do not comply with this Court's Standing Order, this action is hereby **REMANDED**.  *(See* Standing Order ¶ 13.) ").)

    IT IS SO ORDERED.