Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK COLAPINTO, individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br>vs.<br><br>ESQUIRE DEPOSITION SERVICES LLC, a Hobart West Company aka ESQUIRE an ALEXANDER GALLO COMPANY, and DOES 1 to 50,<br><br>   Defendant. | Case No.  CV09-7584 SJO (PLAx)<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND ENTRY OF PROTECTIVE ORDER**<br><br>[lodged concurrently with Amended Stipulation regarding Confidentiality] |

767171.2

On January 14, 2010, the Court declined to enter the parties' first proposed stipulation [Docket No. 40], and pointed out specific deficiencies.  The parties subsequently submitted an Amended Stipulation, which addressed the Court's concerns, namely by removing any potential obligation on the Court or its personnel in relation to confidential information, by adopting the Local Rules for filing under seal and for obtaining the Court's ruling on a disputed designation or disclosure of confidential information, by limiting the proposed order to the period up to the commencement of trial and by including a statement demonstrating good cause.

Having reviewed the parties' Amended Stipulation regarding confidentiality and for entry of this Order, and finding good cause therefore, it is hereby **ORDERED** that the parties' Stipulation and this Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information is hereinafter referred to as "Discovery Material"). For the purposes of this Order, the term "document" shall be given its broadest possible construction to include all written, recorded, electronic, or graphic matter whatsoever and all copies (identical or non-identical) thereof.

1. **GOOD CAUSE STATEMENT**.  There is good cause for the Court to enter the Order.  Rule 26 of the Federal Rules of Civil Procedure allows the Court to order "that a trade secret or other confidential research, development or commercial information not be revealed or be revealed in a designated way." Fed. R. Civ. P. 26(c)(7).  Discovery sought by the parties in this Litigation is likely to involve production of documents and things and other disclosures containing confidential and proprietary information, including, but not limited to, Defendant Esquire's pricing, business plans and business practices in the highly competitive court reporting business.  Esquire represents that it takes precautions and invests substantial resources in maintaining the confidentiality of this information.  In order

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1 to avoid putting Esquire at a competitive business disadvantage, Esquire represents
2 that its policy is to avoid disclosure to the public, via court records or otherwise, of
3 its confidential information.  For example, Esquire has entered into nearly identical
4 confidentiality agreements in related litigation in U.S. district courts in Ohio and
5 Florida.  The current litigation has already received some press in court reporter
6 publications, and unfettered disclosure of Esquire's confidential information to
7 competitors, clients and the general public may harm its competitive position.  The
8 parties desire to protect the confidential and proprietary nature of information
9 produced and otherwise disclosed in this Litigation.  Further, the sharing of this
10 confidential information among the parties, under the terms of the Order, will
11 promote fairness in the Litigation by disclosing proof of Esquire's actions in relation
12 to Plaintiff.  Plaintiff will not suffer any prejudice by the entry of the Order because
13 Esquire does not seek to restrict Plaintiff's use of confidential information in this
14 Litigation, but only for other purposes.

15     2. **Confidential Designation**.  Any party, third-party, or non-party
16 (hereinafter "Designating Party") may designate any Discovery Material as
17 "Confidential" under the terms of this Stipulation and Order if the Designating Party
18 believes in good faith that such Discovery Material (hereinafter "Confidential
19 Discovery Material") contains non-public, confidential, proprietary, or
20 commercially or personally sensitive information related to financial, marketing or
21 business plans, strategies or projections; proposed strategic transactions or other
22 business combinations; business or asset appraisal information; trade secrets or other
23 commercially sensitive business or technical information; confidential information
24 provided by a third party; information concerning settlement discussions, demands,
25 or offers; customer information; personal and business financial information and
26 other nonpublic, sensitive or personal information.

27     3. **Highly Confidential Designation**.  Defendant may designate any
28 Discovery Material as "Highly Confidential" under the terms of this Stipulation and

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

767171.2

3

[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY

Order if the Designating Party believes in good faith that such Discovery Material (hereinafter "Highly Confidential Discovery Material") contains pricing information such as invoices, proposals, bids, billing or pricing agreements, correspondence regarding billing or pricing, customer lists or identities, or other information the Designating Party treats as confidential in the ordinary course of business as between different clients.

4. **Good-Faith Basis for Designation**. The designation by a Designating Party of Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a good faith basis for such designation.

5. **Acceptable Use of Discovery Material**. All Discovery Material, whether marked "Confidential," "Highly Confidential" or left unmarked, and information derived therefrom shall be used solely for purposes of this Litigation and shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose or other litigation, including, but not limited to the cases styled as *Charles J. Adelson, et al. v. U.S. Legal Support, Inc.*, United States District Court for the Southern District of Florida, Case Action No. 09-21527-CIV, *Public Concepts, LLC v. Veritext Corp.*, United States District Court for the Southern District of Florida, Case No. 09-21539-CIV, or any case regarding allegations similar to those in the current action that is filed in this or another jurisdiction unless Esquire Deposition Services, LLC, a/k/a Esquire is a defendant in that action and the Discovery Material is otherwise relevant and admissible.

6. **Manner of Designation**. The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Stipulation shall be made in the following manner:

    a. in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  "Highly Confidential" to each page containing any Confidential or Highly
2  Confidential Discovery Material, in a manner which will not interfere with the
3  legibility of the page; provided, however, that the failure to designate a document as
4  "Confidential" or "Highly Confidential" does not constitute a waiver of such claim,
5  and any party, whether or not the party producing the document, may so designate a
6  document promptly after such document has been produced with the effect that such
7  document is thereafter subject to the protections of this Stipulation and Order; and

8        b.    in the case of depositions or other pretrial testimony, (i) by a
9  statement on the record, by counsel, at or before the conclusion of the deposition; or
10 (ii) by written notice, sent by counsel to all parties (or their counsel, if represented)
11 within ten business days after the receipt of the final transcript of the deposition or
12 other pretrial testimony.  All transcripts will be treated as Confidential Discovery
13 Material until the expiration of the ten-business-day period described in this
14 paragraph.  The parties may modify this procedure for any particular deposition
15 through agreement on the record at such deposition without further order of the
16 Court.

17        7.    **Disclosure of Confidential Discovery Material**.  Except as
18 specifically provided for in this Stipulation and Order or in subsequent Court orders,
19 Discovery Material designated "Confidential" or its contents shall not be revealed,
20 disclosed, or otherwise made known to persons, directly or indirectly, other than the
21 following:

22        a.    any party to the Litigation, which for any party that is an entity
23 shall include directors, officers, general or limited partners, employees, and/or in-
24 house counsel for such party who are actively assisting the party in the Litigation;
25        b.    counsel to the parties, including partners, members, directors,
26 associates, attorneys, and regular and temporary employees of their firms;

27
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

767171.2

5

[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY

        c.    subject to paragraph 9 below, service vendors of counsel to the parties (including, but not limited to, outside copying services, outside litigation support services, and stenographers);

        d.    subject to paragraph 9 below, experts or consultants to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation; provided, however, that counsel for the receiving party determine after a reasonable inquiry that such experts or consultants are not currently advising or currently planning on advising any direct business competitors of the Designating Party; and provided further that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated "Confidential;"

        e.    subject to paragraph 9 below, witnesses, deponents, and/or their counsel during the course of and in preparation for depositions or testimony in this Litigation to the extent reasonably necessary for the prosecution or defense of the Litigation;

        f.    any person if such person is employed by the entity or is indicated on the face of the document to be the author or an original recipient of the Confidential Discovery Material;

        g.    the Court including any of their respective staff, administrative personnel, Court reporters, and essential personnel retained by the Court in connection with the Litigation; and

        h.    any other person only upon order of the Court or upon stipulation of the Designating Party.

    8.    **Disclosure of Highly Confidential Discovery Material**.  Except as specifically provided for in this Stipulation and Order or in subsequent Court orders, Discovery Material designated "Highly Confidential" or its contents shall be for

1  "attorneys' eyes only" and shall not be revealed, disclosed, or otherwise made
2  known to persons, directly or indirectly, other than the following:
3        a.    Outside counsel to the parties, including partners, members,
4  directors, associates, attorneys, and regular and temporary employees of their firms;
5        b.    subject to paragraph 9 below, service vendors of counsel to the
6  parties (including, but not limited to, outside copying services, outside litigation
7  support services, and stenographers);
8        c.    subject to paragraph 9 below, experts or consultants to the extent
9  necessary for such expert or consultant to prepare a written opinion, to prepare to
10 testify, or to assist counsel in the prosecution or defense of the Litigation; provided,
11 however, that counsel for the receiving party determine after a reasonable inquiry
12 that such experts or consultants are not currently advising or currently planning on
13 advising any direct business competitors of the Designating Party; and provided
14 further that any report created by such expert or consultant relying on or
15 incorporating Highly Confidential Discovery Material, in whole or in part, shall be
16 designated "Highly Confidential;"
17       d.    any person if such person is employed by the entity or is
18 indicated on the face of the document to be the author or an original recipient of the
19 Highly Confidential Discovery Material;
20       e.    the Court including any of their respective staff, administrative
21 personnel, Court reporters, and essential personnel retained by the Court in
22 connection with the Litigation; and
23       f.    any other person only upon order of the Court or upon stipulation
24 of the Designating Party.
25     9.    **Prerequisites to Certain Disclosures**. Those persons identified in
26 Paragraphs 7(c), 7(d), 7(e), 8(b), and 8(c) above to whom Confidential or Highly
27 Confidential Discovery Material is disclosed (who are not otherwise authorized to
28 review the Confidential or Highly Confidential Discovery Material under another

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  sub-paragraph under Paragraph 7 or 8) shall first be advised that it is being made
2  available under this Stipulation and Order and shall be required to confirm his or her
3  understanding and agreement to abide by the terms of this Stipulation and Order by
4  signing a copy of the undertaking attached hereto as Exhibit A (hereinafter the
5  "Confidentiality Undertaking"); provided, however, that a non-party witness to
6  whom Confidential or Highly Confidential Discovery Material is first disclosed at
7  deposition need not be required to sign a copy of the Confidentiality Undertaking in
8  order to be bound by the terms hereof.  The attorney(s) of record making the
9  information and/or Confidential or Highly Confidential Discovery Material
10 available to any person required to execute a copy of the Confidentiality
11 Undertaking pursuant to this paragraph shall maintain all original, executed copies
12 of such Confidentiality Undertakings.  Copies of any executed Confidentiality
13 Undertaking shall be disclosed to counsel for the Designating Party upon request by
14 the Designating Party or further Court order except that in the case of testifying
15 experts such disclosures need not be made prior to the date for disclosure of experts
16 and in the case of consultants such disclosures shall be made only upon order of the
17 Court.

18      10.   **Limitation on All Dissemination**.  The dissemination of Confidential
19 or Highly Confidential Discovery Material in accordance with this Stipulation and
20 Order shall be limited as follows:  excluding the Court and its personnel, every
21 person given access to Confidential or Highly Confidential Discovery Material or
22 information contained therein shall be advised that the information is being
23 disclosed pursuant and subject to the terms of this Stipulation and Order and may
24 not be disclosed other than pursuant to the terms of this Stipulation and Order.
25 Excluding the Court and its personnel, all those to whom Confidential or Highly
26 Confidential Discovery Material is disclosed pursuant hereto (i) shall protect,
27 safeguard, and otherwise respect the confidential nature of such information; (ii)
28 shall not disclose it to any person other than those identified who are entitled to have

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

767171.2

8

it made available to them; (iii) shall not use it for any other purpose except as may be necessary for the good faith conduct of this action (or as otherwise specified in this Stipulation and Order); and (iv) shall maintain all documents and things that are or contain Confidential or Highly Confidential Discovery Material in a secure place where unauthorized disclosure cannot reasonably be expected to occur; provided, however, that the obligations of this paragraph shall cease as to any Confidential or Highly Confidential Discovery Material that is publicly disclosed by the Designating Party or otherwise becomes publicly available without violation of this Stipulation.

11. **Derivative Confidential or Highly Confidential Discovery Material**. Any summary, compilation, notes, copy, electronic images, or database containing Discovery Materials and/or information designated as "Confidential" or "Highly Confidential" shall be subject to the terms of this Stipulation to the same extent as the Discovery Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

12. **Filing Under Seal**.  Any party who seeks to file with the Court documents or information of any nature designated as "Confidential" or "Highly Confidential," shall file an application to file such papers, or confidential portion thereof, under seal in accordance with applicable court rules, including Local Rule 79-5.  The application must show good cause for the filing under seal and be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the application shall be lodged under seal.

13. **Effect of Stipulation and Order**. Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

      a.    operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

      b.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

      c.    prejudice in any way the rights of a party to seek additional protection for any confidential information or to petition the Court for a further protective order relating to any confidential information;

      d.    prejudice the right of any party to oppose disclosure of any document or information for any reason;

      e.    prejudice in any way the rights of any party to object on any grounds to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

      f.    prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Stipulation and Order;

      g.    prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

      h.    be construed as an agreement by any person to produce or supply any document or as a waiver by any person of his right to object to the production of any document; or

      i.    be construed or operate as a waiver of any claim of privilege or immunity with respect to the production of any document.

14. **Challenging Confidential or Highly Confidential Designation**. In the event of a dispute regarding the designation or disclosure of Confidential or Highly Confidential Discovery Material, the parties agree to follow the procedure of Local Rule 37. Either the parties will stipulate to file the Joint Stipulation required under Local Rule 37 under seal, or the party seeking the sealing of the Joint Stipulation will file an ex parte application to that effect. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

15. **Modification**. This Stipulation and Order may be changed only by further written agreement of the parties or by order of the Court and is without prejudice to the rights of any party to move in good faith for relief from any of its provisions or to seek or agree to additional protection for any particular Discovery Material or information, including but not limited to heightened confidentiality protection. Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto.

16. **Responsibilities of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control duplication of, access to, and distribution of copies of Discovery Material designated as "Confidential" or "Highly Confidential."

17. **Parties' Own Use of Confidential or Highly Confidential Discovery Material**. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use or disclosure of their own Confidential or Highly Confidential Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated "Confidential" or "Highly Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

18. **Subpoena to Recipient**. If a party in possession of Confidential or Highly Confidential Discovery Material (the "Recipient") receives a subpoena or other compulsory legal process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential or Highly Confidential Discovery Material, the Recipient shall: (i) give prompt written notice to counsel for the Designating Party within three (3) business days after receipt of such subpoena or other legal process identifying the Confidential or Highly Confidential Discovery Material sought and enclosing a copy of the subpoena or legal process and (ii) refrain from producing any Discovery Material that has been designated "Confidential" or "Highly Confidential" in response to such subpoena or other compulsory legal process until the earlier of (a) receipt of written notice from the Designating Party that such party does not object to the production of the designated Discovery Material or (b) resolution of any objection asserted by the Designating Party either by agreement or final order of a court with jurisdiction over the objection of the Designating Party; provided, however, that if the Designating Party does not provide written notice of its objection or assert an objection in the appropriate court before the response to the subpoena or other compulsory legal process is due, then production of the Confidential or Highly Confidential Discovery Material pursuant to the subpoena or other compulsory legal process shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any subpoena, request for production or any order requiring production of Confidential or Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this, or any other, Court. In the event that Confidential or Highly Confidential Discovery Material is produced to a non-party to this Stipulation and Order in response to a subpoena or other compulsory legal process, such Discovery Material shall continue

767171.2

12

[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY

to be treated in accordance with its Confidential or Highly Confidential designation by the parties to this Stipulation and Order.

19. **No Waiver of Privilege**. If information subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege, immunity, or protection is nevertheless inadvertently or unintentionally produced to a party or parties, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity, or other privilege, immunity, or protection to which the Designating Party would otherwise be entitled as to the information produced or its subject matter provided the producing party took reasonable measures to guard against the inadvertent production of privileged material and promptly sought its recall. If a claim of privilege, immunity, or protection is made with respect to the inadvertently-produced information then in the custody of another party, such receiving party shall promptly return the original and all copies of the information to the Designating Party and shall not use such information for any purpose; except that the receiving party may retain one copy for the purpose of making or moving the Court for an order compelling production of the material, which shall be filed under seal. The fact that such information or material was inadvertently produced shall not be asserted as a basis to compel production. If the recipient has already shared the claimed inadvertently produced information or material prior to a demand for its return, that recipient shall promptly notify the person, persons, entity, or entities with whom such information or material was shared and use best efforts to collect and return all copies.

20. **Additional Parties**. In the event an additional party or additional parties join or are joined in this Litigation, such party or parties shall not have access to Confidential or Highly Confidential Discovery Material until counsel for each newly joined party has executed a Confidentiality Undertaking, evidencing the newly joined party's intent to be bound by this Stipulation and Order, which, at the request of any party, may be filed with the Court.

21.     **Production by Non-Party**.  Any Discovery Material produced in this Litigation by any non-party to the Litigation shall be subject to and governed by the terms of this Stipulation and Order.

22.     **Effective Date**.  The parties agree to be bound by the terms of this Stipulation and Order from the time of execution.  Any violation of the terms of this Stipulation and Order after execution and prior to its entry by the Court shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

23.     **Use of Confidential or Highly Confidential Discovery Material in Proceedings**.  In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

24.     **Continued Status of Confidential or Highly Confidential Discovery Material**.  The provisions of this Stipulation and Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding until the commencement of trial.  In advance of the trial, the parties agree to meet and confer regarding extension of the Stipulation and Order, as well as procedures for post-Litigation return or destruction of Confidential or Highly Confidential Discovery Material.

25.     **Procedures at Conclusion of Litigation**.  Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation (including all appeals), and upon the written request of the Designating Party, all persons having received Confidential or Highly Confidential Discovery Material shall either make a good faith effort to return such material and

all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact.  Counsel for the parties shall be entitled to retain court papers (and exhibits thereto), deposition and trial transcripts (and exhibits thereto), and attorney work product that contain or refer to Confidential or Highly Confidential Discovery Material, provided that such counsel and employees of such counsel shall not disclose such Confidential or Highly Confidential Discovery Material to any person, except pursuant to court order or agreement with the Designating Party.  For greater clarity, the exemption for attorney work product in the foregoing sentence shall not include the Confidential or Highly Confidential Discovery Material itself or collections, assemblages, or marked copies thereof, but is limited to attorney work product referencing, quoting, or summarizing such material.

26.  **Severability**.  The invalidity or unenforceability of any one or more phrases, sentences, paragraphs, or sections in this Stipulation and Order shall not affect the validity or enforceability of the remaining portions of this Stipulation and Order or any part thereof.

Date:  January 27, 2010

*/s/ Paul L. Abrams*
Hon. Paul L. Abrams
United States Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK COLAPINTO, individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ESQUIRE DEPOSITION SERVICES LLC, a Hobart West Company aka ESQUIRE an ALEXANDER GALLO COMPANY, and DOES 1 to 50,<br><br>    Defendant. | Case No.  CV09-7584 SJO (PLAx) |

CONFIDENTIALITY UNDERTAKING

    I hereby certify my understanding that **[Confidential and/or Highly Confidential]** Discovery Materials are being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Protection and Exchange of Confidential Information (the "Stipulation and Order") entered by the United States District Court for the Central District of California in the above-captioned action on _____, 201_ and that I have been given a copy of and have read the Stipulation and Order.  I understand the terms of the Stipulation and Order, I agree to be fully bound by the Stipulation and Order, and I hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the terms and restrictions of the Stipulation and Order.

    If I fail to abide by the terms of the Stipulation and Order, I understand that I shall be subject to sanctions by the Court and to separate legal and equitable recourse by the adversely affected Designating Party.

_____
By:

Dated:

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386